Angel **RIVERA,** Plaintiff,

v.

**FAIR CHEVROLET GEO PARTNERSHIP,** Defendants.

No. 3:95cv485 (PCD).

United States District Court, D. Conn.

July 23, 1996.

---

**1.** The record shows that a check in the amount of $1,800 was deposited on February 26, 1996. **See**  Docket entry # 27.

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, Daniel A. Edelman, O. Randolph Bragg, Cathleen M. Combs, James O. Latturner, Edelman & Combs, Chicago, IL, for Plaintiff.

Stefan Richard Underhill, Stanley A. Twardy, Jr., Jonathan B. Tropp, Day, Berry & Howard, Stamford, CT, Gary Mann Becker, Day, Berry & Howard, Hartford, CT, for Defendants, Fair Chevrolet Geo Partnership, DiFeo Partnership, Inc., and Fair Chevrolet Corp.

Robert W. Allen, Tyler, Cooper & Alcorn, New Haven, CT, for Defendant, Shawmut Bank Connecticut, N.A.

### RULING ON DEFENDANTS' MOTION TO RECONSIDER CLASS CERTIFICATION

DORSEY, Chief Judge.

This case arises from defendants allegedly inadequate Truth–in–Lending Act, 15 U.S.C. § 1640, ("TILA") disclosure in connection with plaintiff's and class members' leasing documents. Defendant Fair Chevrolet Geo Partnership, DiFeo Partnership, Inc. and Fair Chevrolet Corp. move for reconsideration of the March 24, 1996 grant of class certification.

## I.  DISCUSSION

Familiarity with the March 24, 1996 ruling is presumed. Defendant's motion is based on the assertion that plaintiff's second settlement demand,[1] which would divide $800,000 among the class members and award plaintiff $1,000 as an incentive shows plaintiff's interests to be antagonistic to the class.

Defendants made a similar argument in relation to plaintiff's first settlement demand, but it was noted that "plaintiff's settlement demand was made before the state claims were dismissed. Thus, based on representations of counsel that plaintiff seeks only actual damages and his *pro rata* share of statutory damages, antagonism against the rest of the class, at this juncture, is not present." *Rivera v. Fair Chevrolet Geo Partnership, et al.*, 165 F.R.D. 361, 366 (D.Conn.1996).

Plaintiff's second settlement demand was made after the state claims were dismissed. It does not show that plaintiff's interests are antagonistic to the rest of the class. Defendants assert that the second settlement demand evidences that plaintiff seeks statutory damages of $1,000, the maximum amount he could recover in an individual action. *See* 15 U.S.C. § 1640(a)(2)(A)(i). In a TILA class action, defendants are potentially liable for the lesser of $500,000 or one percent of a creditor's net worth. *See* 15 U.S.C. § 1640(a)(2)(B). Where a named plaintiff in a TILA class action insists on a full individual recovery from the class award, while the rest of the class would receive a substantially lower *pro rata* award, the named plaintiff's interests are antagonistic to the class, and he is not an adequate class representative. *Brame v. Ray Bills Finance Corp.*, 85 F.R.D. 568, 582–87 (N.D.N.Y.1979). Thus, in *Brame, supra*, where the total damages to which the class was entitled was $1,096.15, and named plaintiffs in a TILA action sought recovery of $834.04, to which they would have been entitled in an individual action, plaintiffs' interests were antagonistic to the rest of the class because only $262.13 was left for the 2,797 remaining class members to divide. *Id.* at 585.

However, plaintiff in this case does not seek an individual recovery from the common fund which creates antagonism against the rest of the class. The incentive award which

---

**1.** Although plaintiff challenges that defendants' use of a settlement demand in opposing class certification is improper pursuant to Fed.R.Evid. 408, plaintiff offers no support for the argument that evidentiary rules should apply to consideration of factors for class certification. In fact, the court is required to approve class action settlements. *See* Fed.R.Civ.P. 23(e).

plaintiff seeks is *in addition to* the common fund. Such incentive awards have been awarded to named plaintiffs in cases involving TILA claims. *See In re Marine Midland Motor Vehicle Leasing Lit.*, 155 F.R.D. 416, 424 (W.D.N.Y.1994).[2]

## II. CONCLUSION

Accordingly, defendants' motion to reconsider (doc. 101) is **granted.** However, the prior ruling and order, as amended by this ruling, is adhered to.

SO ORDERED.

---

**2.** As to defendants' assertion that the fact that the incentive reward and the recoverable individual statutory damages are both $1,000 leads ineluctably to the conclusion that plaintiff seeks his full statutory damages, it is not so improbable that such a coincidence would exist as to create antagonism sufficient to prevent class certification. In any event, the amount of the requested incentive award is more appropriately considered, if at all, at the time that the parties seek approval of a class settlement.